UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CAROLYN WHITENECK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:22-CV-458-JEM ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 12]. Now before the Court are Plaintiff's Brief [Doc. 10], Commissioner's Brief [Doc. 15], and Plaintiff's Reply Brief [Doc. 16]. Carolyn Whiteneck ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of Defendant Kilolo Kijakazi ("Commissioner"). For the reasons that follow, the Court sustains Plaintiff's statement of error, vacates the Commissioner's decision, and remands the action for further proceedings consistent with this opinion.

### I. PROCEDURAL HISTORY

On July 29, 2020, Plaintiff filed for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. [Tr. 200]. Plaintiff claimed a period of disability that began on November 26, 2019 [*Id.*]. After her application was denied initially [*Id.* at 224–27] and upon reconsideration [*Id.* at 87–110], Plaintiff requested a hearing before an ALJ [*Id.* at 111–12]. A hearing was held on November 2, 2021 before ALJ Joshua Menard [*Id.* at 30–55]. On December 1, 2021, the ALJ found that Plaintiff was not disabled [*Id.* at 9–29], and Plaintiff asked the Appeals Council to review the ALJ's decision [*Id.* at 65]. The Appeals Council denied Plaintiff's request

for review [*Id.* at 3–8], making the ALJ's decision the final decision of the Commissioner.

Having exhausted her administrative remedies, Plaintiff filed a Complaint with this Court on December 21, 2022,[1] seeking judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) [Doc. 1]. The parties have filed opposing briefs, and this matter is now ripe for adjudication.

## II. DISABILITY ELIGIBILITY AND ALJ FINDINGS

"Disability" means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual will only be considered disabled:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

---

[1] Plaintiff requested and was granted a sixty-day extension to file a federal civil action [Tr. 1–2].

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e), 416.920(a)(4), 416.920(e). RFC is the most a claimant can do despite his limitations. *Id.* §§ 404.1545(a)(1), 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

Here, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2024.

2. The claimant has not engaged in substantial gainful activity since November 26, 2019, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: cervical degenerative disc disease and myofascial pain syndrome (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

3

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally reach overhead bilaterally. The claimant can frequently climb ramps and stairs, but should never climb ladders, ropes, or scaffolds. The claimant can frequently balance, as defined in the SCO, and occasionally stoop, kneel, crouch, and crawl. The claimant should avoid even moderate exposure to unprotected heights and moving mechanical parts as well as concentrated exposure to vibration.

6. The claimant is capable of performing past relevant work as a case worker and resident supervisor. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from November 26, 2019, through the date of this decision (20 CFR 404.1520(f)).

[Tr. 14–23].

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). In reviewing the Commissioner's decision, the Court must consider the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). It is immaterial whether

4

the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Hum. Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Additionally, the Supreme Court has explained that "'substantial evidence' is a 'term of art,'" and "whatever the meaning of 'substantial' in other settings, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Rather, substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In determining whether an ALJ's findings are supported by substantial evidence, the Court does not try the case *de novo*, weigh the evidence, or make credibility determinations nor resolve conflicts in the evidence, nor decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In addition to considering whether the ALJ's decision is supported by substantial evidence, the Court must review whether the ALJ employed the correct legal criteria. It is grounds for reversal of a decision—even if supported by substantial evidence—where "the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Hum. Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). Furthermore, the Court is not under any obligation to scour the record for errors not identified by the claimant and arguments not raised and supported in more than a perfunctory manner may be deemed waived.

5

*See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (noting that conclusory claims of error without further argument or authority may be considered waived).

IV.  ANALYSIS

Plaintiff raises one issue on appeal. Plaintiff alleges that the ALJ's RFC assessment is not supported by substantial evidence because although her mental impairments were found to be non-severe, the ALJ was still required to "consider *all* the Plaintiff's impairments, regardless of severity throughout the disability determination and specifically in the formulation of the RFC" [Doc. 10 p. 9 (citing 20 C.F.R. § 404.1545(a)(2))]. Because the ALJ did not do this, Plaintiff requests the Court to vacate the Commissioner's final decision and remand this matter for further proceedings. The Commissioner counters that the final decision is supported by substantial evidence and should be affirmed because the ALJ considered Plaintiff's mental impairments as evidenced by his analysis at step two and by "explicitly stat[ing] he considered Plaintiff's severe and non-severe impairments, hearing testimony, and the opinions in the record" [*see* Doc. 15 p. 5 (citing to Tr. 22)]. For the reasons explained more fully below, the Court finds remand is warranted because the ALJ failed to consider or explain Plaintiff's non-severe mental impairments when formulating Plaintiff's RFC.

At step two in the sequential process, the ALJ determined that Plaintiff had two severe impairments, cervical degenerative disc disease and myofascial pain syndrome [Tr. 14], and that her attention deficit hyperactivity disorder ("ADHD") and depressive disorder were non-severe [*id.* at 15]. The ALJ found Plaintiff's ADHD to be controlled with stimulant medication and that she "did not testify to any functional limitations associated with this impairment at the hearing" [*Id.* (citing to the hearing testimony)]. The ALJ analyzed the paragraph B criteria as required for mental impairments. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1. He concluded that Plaintiff had

mild impairments in concentrating, persisting, or maintaining pace [Tr. 16] and in adapting or managing oneself [*id.* at 17] and no limitations in understanding, remembering, or applying information and interacting with others [*id.* at 16]. The ALJ noted that "there was a period where the claimant's depressive disorder resulted in 'severe' symptoms" but that those symptoms did not persist longer than twelve months [*Id.*; *see also* 20 C.F.R. § 404.1509]. Further, the ALJ noted that Plaintiff had received treatment for her depressive disorder and the record showed that Plaintiff reported "significant improvement in her symptoms within twelve months of her alleged onset date of disability" with medication [Tr. 15].

"Unfortunately, the ALJ's well-reasoned analysis at step two provides no indication to the Court whether the Plaintiff's mild mental limitations had some or no effect on the Plaintiff's ability to perform light work." *Ceol v. Berryhill*, No. 3:15-CV-315-CCS, 2017 WL 1194472, at *10 (E.D. Tenn. Mar. 30, 2017) (citation omitted); *see also Katona v. Comm'r of Soc. Sec.*, No. 14-CV-10417, 2015 WL 871617, at *7 (E.D. Mich. Feb. 27, 2015) ("The ALJ's analysis of Plaintiff's mental impairments at Step Two, while otherwise thorough, does not provide the Court with a basis to infer that Plaintiff's mental impairments, either singly or in combination with Plaintiff's other impairments, generated no work-place restrictions or limitations."); *Johnson v. Colvin*, No. 3:13cv00301, 2014 WL 6603376, at *8 (S.D. Ohio Nov. 19, 2014) ("Assuming [the step 2 analysis] suffices to support the ALJ's conclusion that Plaintiff does not have a severe mental impairment, this does not demonstrate that the ALJ considered Plaintiff's non-severe mental impairments at step four as required by law."), *report and recommendation adopted*, No. 3:13cv00301, 2014 WL 7015188, at *1 (S.D. Ohio Dec. 10, 2014). Moreover, the "paragraph B" criteria used at steps two and three are not an RFC assessment. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00.A. A claimant's RFC is formulated at steps four and five, which require a more

7

detailed assessment of the functions discussed under the "paragraph B" criteria. *See* SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996). Therefore, a finding by the ALJ that Plaintiff has mild limitations in concentration, persistence, or pace and in adapting or managing oneself, does not necessarily mean that Plaintiff will have corresponding limitations with regard to her RFC. *See Pinkard v. Comm'r of Soc. Sec. Admin.*, No. 1:13CV1339, 2014 WL 3389206, at *10 (N.D. Ohio July 9, 2014) ("[T]the ALJ does not have to include paragraph B finding in his RFC finding. . . . Hence, the ALJ was correct in finding that Plaintiff had moderate limitations in evaluating her mental impairment under the listings at step three of the sequential evaluation process, and in not including a 'moderate limitation in concentration, persistence, and pace' in his residual functional capacity finding at steps four and five.").

Here, the ALJ provided no discussion in the RFC portion of the decision about whether the Plaintiff's mild mental limitations caused by the Plaintiff's ADHD and depressive disorder produced work-related limitations [Tr. 18–22]. Although the ALJ found Plaintiff's ADHD and depressive disorder non-severe, the regulation's definition of a non-severe impairment "contemplates that non-severe impairments may very well impose *some* type of limitation on basic work activities[.]" *Katona*, 2015 WL 871617, at *6. "[A]n ALJ's conclusion that an impairment is non-severe is not tantamount to a conclusion that the same impairment—either singly or in combination with a claimant's other impairments—does not impose *any* work-related restrictions." *Id.* Further, the ALJ is required to provide an explanation if he determined that Plaintiff's mental limitations did not result in work-place restrictions. *See id.* ("[T]o the extent an ALJ determines that an identified impairment, severe or *non-severe*, does not result in any work-related restrictions or limitations, the ALJ 'is required to state the basis for such conclusion.'" (quoting *Hicks v. Comm'r of Soc. Sec.*, No. 12-13581, 2013 WL 3778947, at *3 (E.D. Mich. July

8

18, 2013)).

The ALJ made only two references to Plaintiff's mental health throughout the RFC assessment. First, he stated "Mr. Donovan also indicated that the claimant's mental health symptoms are disabling in combo with physical" in discussing why he found Mr. Donovan's medical opinion "partially though not fully persuasive" [Tr. 22 (citing Exh. 9F p. 68)]. Second, he referenced Plaintiff's non-severe mental health indirectly in his conclusion: "Therefore, after review of the complete record as well as consideration of all opinions in the record, the claimant's severe and nonsevere impairments, and the hearing testimony of the claimant, the undersigned finds that the claimant retains the residual functional capacity as set forth above" [*Id.* at 22]. Although the Commissioner argues that this conclusion as well as the ALJ's analysis at step two suffices, the Court finds this language "is not sufficient to convince the Court that the ALJ considered Plaintiff's non-severe mental impairments in the absence of some other statement or explanation suggesting as much." *Katona*, 2015 WL 871617, at *6 n.3; *see also Terry v. Saul*, No. 1:20-CV-104-TRM-HBG, 2021 WL 3277264, at *11 (E.D. Tenn. June 30, 2021) ("Additionally, boilerplate language regarding the consideration of all impairments will not suffice." (citations omitted)), *report and recommendation adopted*, No. 1:20-CV-104, 2021 WL 3276158 (E.D. Tenn. July 30, 2021).

## V. CONCLUSION

For the reasons set forth above, the Court **SUSTAINS** Plaintiff's statement of error, **VACATES** the Commissioner's decision, and **REMANDS** the case to the Commissioner for proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

ENTER:

Jill E. McCook
United States Magistrate Judge